UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SHARON POWERS-POTTER, | Case No. 14-CV-0339 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| NASH FINCH COMPANY, | |
| Defendant. | |

      Leslie L. Lienemann and Celeste E. Culberth, CULBERTH & LIENEMANN, LLP, for plaintiff.

      David M. Wilk and Angela Beranek Brandt, LARSON KING, LLP, for defendant.

      Plaintiff Sharon Powers-Potter brings this action against her former employer, defendant Nash Finch Company ("Nash Finch"), under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e et seq., the Minnesota Human Rights Act ("MHRA"), Minn. Stat. §§ 363A.01 et seq., and 42 U.S.C. § 1981.  This matter is before the Court on Nash Finch's motion to dismiss Powers-Potter's MHRA claims as untimely.  For the reasons stated below, the motion is granted.

      Nash Finch terminated Powers-Potter on May 4, 2009.  Compl. ¶¶ 29-31.  On September 11, 2009, Powers-Potter filed a charge with the Equal Employment Opportunity Commission ("EEOC").  Compl. ¶ 3.  Shortly thereafter, the EEOC transmitted the charge to the Minnesota Department of Human Rights ("the Department"), with a notation that the charge would be investigated by the EEOC.  Lienemann Decl. Ex. 4.  Just over four years later, the EEOC issued a finding of reasonable cause to believe that Nash Finch had discriminated against Powers-Potter, and on November 15, 2013, the EEOC issued a right-to-sue letter.  Compl. ¶¶ 4-5.  On January 24, 2014, Powers-Potter notified the Department that she was withdrawing her

charge in order to pursue a private lawsuit. Lienemann Decl. Ex. 11. Powers-Potter then filed this action on February 6, 2014. ECF No. 1.

To bring a timely claim of discrimination under the MHRA, a claimant must take one of three actions within one year of the alleged discriminatory practice: (1) file a lawsuit; (2) file an administrative charge with a local city or county agency; or (3) file an administrative charge with the Department. Minn. Stat. § 363A.28, subd. 3. If the claimant files a charge with the Department, the Department must make a probable-cause determination within 12 months. Minn. Stat. § 363A.28, subd. 6(b). In *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695 (Minn. 1996), the Minnesota Supreme Court held that, if the Department fails to comply with this time limit, the respondent "may seek appropriate relief from the administrative law judge." *Id.* at 702. Such relief "should be in proportion to the prejudice suffered by the respondent and may include dismissal of the complaint." *Id.* at 703.

Ordinarily, it is up to the administrative law judge to determine whether the respondent was prejudiced and, if so, what relief is appropriate. *Id.* But the Minnesota Supreme Court established a bright-line rule for delays of 31 months or more: "as a matter of law . . . probable cause determinations made 31 or more months after a charge is filed are per se prejudicial to the respondent and require dismissal of the complaint." *Id.* (footnote omitted). The Court noted only one exception: "where the respondent causes or is otherwise responsible for the [Department's] delay in making the probable cause determination, the respondent is not prejudiced by the [Department's] delay." *Id.* n.8.

In this case, the EEOC did not issue a probable-cause determination until September 26, 2013, more than four years after Powers-Potter filed her administrative charge with the EEOC.

Powers-Potter does not contend that Nash Finch bears any responsibility for this delay.  Under *Beaulieu*, therefore, the delay is "per se prejudicial," and the MHRA claims must be dismissed.  *Id.* at 703.

Powers-Potter nevertheless argues that the Court should not dismiss her MHRA claims because this case involves an EEOC charge that was cross-filed with the Department, which deferred investigation to the EEOC.  Under these circumstances, Powers-Potter argues, the procedures and time limits set forth in § 363A.28 should not apply (or at least should be deferred).  But Powers-Potter cites no authority in support of her argument, and her argument is at odds with the plain language of the statute.  Section 363A.28, subd. 3 requires plaintiffs to either file a lawsuit or an administrative charge within one year of the alleged discriminatory practice.  Because Powers-Potter did not file her lawsuit within one year of the alleged discriminatory practice, her lawsuit could be timely only because she filed a charge with the EEOC, which then cross-filed it with the Department.  At that point, § 363A.28, subd. 6 required the Department to make a probable-cause determination within 12 months.  There is no authority for the proposition that the Department's decision to defer investigation to the EEOC somehow relieves it of this statutory duty.

Powers-Potter also argues that *Beaulieu* merely establishes a rebuttable presumption of prejudice.  Relatedly, Powers-Potter argues that a Rule 12 motion is not a proper vehicle for the Court to make a determination as to actual prejudice.  Powers-Potter misreads *Beaulieu*, however.  That case does not establish a *presumption* of prejudice; rather, it holds that a delay of 31 months or more is *per se* prejudicial.  In other words, in cases involving delays of 31 months

or more (such as this case), prejudice is established as a matter of law and no further inquiry is necessary.

Finally, Potters-Power argues that, because she withdrew her charge on January 24, 2014, her MHRA claims are timely under Minn. Stat. § 363A.33, subd. 1(3). That provision permits a charging party to bring a civil action after 45 days from the filing of an administrative charge (with certain exceptions not applicable here) so long as the charging party (1) notifies the Department of her intent to bring a civil action and (2) brings the civil action within 90 days of that notification. Because she filed this case within 90 days of notifying the Department of her intent to do so, Powers-Potter argues, her MHRA claims are timely.

It is true that Powers-Potter has literally complied with the requirements of § 363A.33, subd. 1(3). But that statute cannot be read to permit a party to notify the Department of an intent to file a lawsuit more than four years after filing an administrative charge. Such a reading would completely eviscerate the Minnesota Supreme Court's holding in *Beaulieu* that delays of 31 months or more establish prejudice to the respondent as a matter of law and require dismissal of the complaint.

The Court is sympathetic to Powers-Potter, who appears to be the victim of a bureaucratic delay for which she was not in any way responsible. But this Court is bound to apply Minnesota law as interpreted by the Minnesota Supreme Court, and *Beaulieu* leaves this Court no alternative but to dismiss Powers-Potter's MHRA claims. Nash Finch's motion is therefore granted.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss Counts Four and Five [ECF No. 4] is GRANTED.

2. Counts Four and Five of plaintiff's complaint [ECF No. 1] are DISMISSED WITH PREJUDICE.

Dated:  May 14, 2014                                s/Patrick J. Schiltz
                                                    Patrick J. Schiltz
                                                    United States District Judge