UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SHARON POWERS-POTTER, | Case No. 14-CV-0339 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| NASH FINCH COMPANY, | |
| Defendant. | |

Leslie L. Lienemann and Celeste E. Culberth, CULBERTH & LIENEMANN, LLP, for plaintiff.

David M. Wilk and Angela Beranek Brandt, LARSON KING, LLP, for defendant.

Plaintiff Sharon Powers-Potter brings this action against her former employer, defendant Nash Finch Company ("Nash Finch"), under Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e et seq.; the Minnesota Human Rights Act ("MHRA"), Minn. Stat. §§ 363A.01 et seq.; and 42 U.S.C. § 1981.  The Court recently granted Nash Finch's motion to dismiss Powers-Potter's MHRA claims under *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695 (Minn. 1996). *Beaulieu* dictates dismissal of MHRA claims when the plaintiff files an administrative charge with the Minnesota Department of Human Rights ("the Department") and the Department fails to make a probable-cause determination within 31 months.[1]  As the Court noted, the only exception to this rule is when the defendant is in some measure responsible for the Department's delay. Because Powers-Potter did not in any way suggest in her brief that Nash Finch was responsible

---

[1] As the Court explained in its order granting Nash Finch's motion, Powers-Potter filed her charge with the Equal Employment Opportunity Commission ("EEOC"), which cross-filed it with the Department.

for the Department's 48-month delay in this case, the Court canceled the scheduled hearing and granted Nash Finch's motion.

This matter is before the Court on Powers-Potter's letter request to file a motion for reconsideration. In this District, motions to reconsider are prohibited absent the Court's prior permission. D. Minn. L.R. 7.1(j). To obtain such permission, a party must show "compelling circumstances . . . ." *Id.*; *see Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (noting that motions to reconsider are treated as Fed. R. Civ. P. 60(b) motions when directed at non-final orders and require a showing of exceptional circumstances necessitating extraordinary relief).

Powers-Potter seeks to have the Court vacate its order so that she can now argue that Nash Finch was indeed at fault for the Department's delay in making a probable-cause determination. She attempts to excuse her failure to make this argument in her brief essentially by claiming that Nash Finch did not put in issue the reason for the delay until it filed its reply brief. This is simply not true, however. Nash Finch moved to dismiss on the basis of *Beaulieu*. Even a cursory reading of *Beaulieu* demonstrates that the only exception to its rule requiring dismissal after a delay of at least 31 months is when the defendant is in some way responsible for the delay. By moving to dismiss under *Beaulieu*, therefore, Nash Finch put the reason for the Department's delay squarely in issue. At that point, it was incumbent on Powers-Potter to assert that Nash Finch bore some responsibility for the delay. She did not do so. Her plan to wait until oral argument to mention the issue does not constitute extraordinary circumstances that would justify reconsideration. *Cf. Redking Foods LLC v. Minn Assocs. LP*, Case No. 13-CV-0002 (PJS/JSM), 2014 WL 754686, at *4 (D. Minn. Feb. 26, 2014) ("By raising this argument for the

first time in its reply brief, RedKing violated Local Rule 7.1(c)(3)(B), which provides that '[a] reply memorandum must not raise new grounds for relief or present matters that do not relate to the opposing party's response.' Moreover, 'federal courts do not, as a rule, entertain arguments made by a party for the first time in a reply brief.' *Torspo Hockey Int'l, Inc. v. Kor Hockey Ltd.*, 491 F.Supp.2d 871, 878 (D. Minn. 2007).").

Powers-Potter also seems to suggest that she has newly discovered evidence that the delay was Nash Finch's fault. That purported newly discovered evidence is a December 10, 2012 letter from Nash Finch to the EEOC. The letter is not in the record, but according to Powers-Potter the letter states that it is "in response to your request for information dated November 2, 2009," which would suggest that it took Nash Finch over three years to respond to a request for information from the EEOC.[2] As Nash Finch points out, however, Powers-Potter obtained this letter from the EEOC, which turned over its file to Powers-Potter on January 7, 2014, before she filed this lawsuit. Lienemann Decl. ¶ 9 & Ex. 8. The letter is therefore not newly discovered evidence and cannot justify Powers-Potter's request for reconsideration. *See Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006) (to obtain relief based on newly discovered evidence, the moving party must show that the evidence was discovered after the hearing).

---

[2]Nash Finch argues that the "November 2, 2009" date that appears on the letter is a typographical error, and that the letter should have referred to a request for information dated "November 2, 2012." It is indeed difficult to believe that a major corporation being investigated by the EEOC would take over three years — or would be *allowed* to take over three years — to respond to a request for information. More importantly, the EEOC's intake log supports Nash Finch's argument. There is no entry dated November 2, 2009, but there is an entry noting that the EEOC sent a request for information to Nash Finch on November 2, 2012. Lienemann Decl. Ex. 10. In any event, if what Nash Finch says is true, then the argument of Powers-Potter is not only untimely, but meritless.

Because Powers-Potter has failed to show any compelling circumstances that would justify her request for reconsideration, her request is denied.

SO ORDERED.

Dated:  May  20 , 2014                                        s/Patrick J. Schiltz
                                                              Patrick J. Schiltz
                                                              United States District Judge