UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

SHARON POWERS-POTTER,                    Case No. 14-CV-0339 (PJS/SER)

                    Plaintiff,

v.                                                        ORDER

NASH FINCH COMPANY,

                    Defendant.

---

Leslie L. Lienemann and Celeste E. Culberth, CULBERTH & LIENEMANN, LLP, for plaintiff.

David M. Wilk and Angela Beranek Brandt, LARSON KING, LLP, for defendant.

Plaintiff Sharon Powers-Potter brings this employment-discrimination action against her former employer, defendant Nash Finch Company ("Nash Finch"), under 42 U.S.C. § 1981 and Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e et seq. Powers-Potter alleges that Nash Finch discharged her (1) in retaliation for her complaints about racially offensive remarks made by a coworker; (2) on the basis of her association with her now-deceased husband, who was African American; and (3) on the basis of sex. Powers-Potter brings the first two claims under both § 1981 and Title VII and the third claim under Title VII only.[1]

---

[1] Powers-Potter brought similar claims under the Minnesota Human Rights Act, but the Court dismissed those claims as untimely. *See* ECF No. 16.

This matter is before the Court on Nash Finch's motion for summary judgment. Having reviewed the record and heard the arguments of counsel, the Court finds that genuine issues of material fact preclude summary judgment on Powers-Potter's Title VII claims. The Court agrees with Nash Finch, however, that Powers-Potter's § 1981 claims are time-barred.

The parties dispute whether Powers-Potter's § 1981 claims are subject to a four-year limitations period (in which case they are time-barred) or a six-year limitations period (in which case they are timely). Before § 1981 was amended in 1991, courts determined the statute of limitations for § 1981 claims by borrowing the forum state's limitations period for personal-injury actions. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660-62 (1987). In Minnesota, the statute of limitations for personal-injury actions is six years. Minn. Stat. § 541.05, subd. 1(5).

In 1990, Congress enacted 28 U.S.C. § 1658, which provides a catch-all four-year limitations period for any "civil action arising under an Act of Congress enacted after the date of the enactment of this section . . . ." 28 U.S.C. § 1658(a). As this language indicates, § 1658 applies only to civil actions that were made possible by a post-1990 enactment of Congress. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). At first glance, therefore, one might suppose that § 1658 does not apply to claims under

§ 1981, which was enacted as part of the Civil Rights Act of 1866.  *See Runyon v. McCrary*, 427 U.S. 160, 168-169 (1976).

As noted, however, in 1991 Congress amended § 1981 to expand the scope of the statute—that is, to authorize certain claims that could not have been brought under § 1981 if Congress had not amended the statute.  The new claims made possible by the 1991 amendments are governed by § 1658's four-year limitations period.  *See Jones*, 541 U.S. at 382.  Claims that were cognizable under the pre-1991 version of § 1981, however, continue to be subject to the forum state's limitations period for personal-injury actions.  *See id*. (noting that § 1658 "leaves in place the 'borrowed' limitations periods for pre-existing causes of action").

The critical question, then, is whether Powers-Potter's § 1981 claims were actionable under the pre-1991 version of § 1981.  As noted, Powers-Potter brings two § 1981 claims: (1) a claim that she was discharged in retaliation for complaining about racially offensive remarks and (2) a claim that she was discharged for associating with an African American.  The Eighth Circuit has squarely held that these types of claims—that is, claims for retaliatation and discriminatory discharge—were *not* cognizable under the pre-1991 version of § 1981:

> Jackson's claims that he was discriminated against and discharged from employment because of his race, and that he was harassed and terminated in retaliation for filing a

charge of discrimination with the EEOC, were not
cognizable under section 1981 prior to 1991.

*Jackson v. Homechoice, Inc.*, 368 F.3d 997, 999 (8th Cir. 2004) (per curiam).  Because the

1991 amendments to § 1981 made such claims possible, they are subject to § 1658's four-

year limitations period.  *Id.; see also  Clay v. Credit Bureau Enters., Inc.*, 754 F.3d 535, 537-

41 (8th Cir. 2014) (disregarding alleged retaliation that occurred outside of § 1658's four-

year limitations period); *Williams v. KETV Television, Inc.*, 26 F.3d 1439, 1443-44 (8th Cir.

1994) (affirming district court's refusal to instruct the jury on a § 1981 retaliation claim

because such a claim did not exist before 1991); *Taggart v. Jefferson Cnty. Child Support*

*Enforcement Unit*, 935 F.2d 947, 948 (8th Cir. 1991) (en banc) (discriminatory discharge

claims not cognizable under the pre-1991 version of § 1981).

Powers-Potter cites several older cases holding that retaliation and associational-

discrimination claims are actionable under § 1981.  With two exceptions, however,

every one of these cases predates *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989),

the watershed case in which the Supreme Court limited the reach of § 1981 (and which

the 1991 amendments to § 1981 were designed to overturn).  Prior to *Patterson*, "the

general consensus among the circuits was that section 1981 broadly prohibited

discrimination in all contractual facets of the employment relationship, including

'postformation' adverse acts, such as retaliation."  *Humphries v. CBOCS West, Inc.*, 474

F.3d 387, 394 (7th Cir. 2007), *aff'd*, 553 U.S. 442 (2008).  But as the Eighth Circuit

implicitly acknowledged in *Jackson*, that earlier case law is no longer sound in light of *Patterson*.[2]

Powers-Potter does cite one post-*Patterson* case—*Kim v. Nash Finch Co.*, 123 F.3d 1046 (8th Cir. 1997)—to argue that retaliation claims were cognizable under the pre-1991 version of § 1981. The actionable retaliation in *Kim*, however, occurred in 1992, *after* the effective date of the 1991 amendments. *Kim*, 123 F.3d at 1052 ("According to Kim, immediately after he filed his employment discrimination charge in May 1992, Nash Finch began to systematically retaliate against him."); Civil Rights Act of 1991, Pub. L. No. 102-166, § 402, 105 Stat. 1071, 1099 (amendments took effect on November 21, 1991). *Kim* therefore did not need to address whether retaliation claims were or were not actionable prior to the 1991 amendments to § 1981, and to the extent

---

[2]The Court notes that the Supreme Court recently recognized that retaliation claims are actionable under § 1981. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008). In so doing, the Supreme Court did not clearly indicate whether such claims were actionable under the pre-1991 version of § 1981. Nor did it have to, as the alleged retaliation in *Humphries* occurred long after § 1981 was amended. *See Humphries*, 474 F.3d at 390. The Court therefore follows the Eighth Circuit's clear holding in *Jackson* that a retaliatory discharge was not actionable under the pre-1991 version of § 1981. *See also Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1007-08 (9th Cir. 2011) (rejecting the argument that *Humphries* held that retaliation was actionable under the pre-1991 version of § 1981 and holding that such claims are subject to § 1658); *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 269 (7th Cir. 2004) (§ 1981 retaliation claims are subject to § 1658).

that it may seem to have done so, its comments were dicta—dicta that is irrelevant in light of *Jackson*.[2]

The Court therefore concludes that both of Powers-Potter's § 1981 claims were made possible by the 1991 amendments to § 1981.  As a result, they are subject to the four-year limitations period of § 1658(a) and are therefore time-barred.  Nash Finch's motion for summary judgment is granted as to those claims.[3]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    Defendant's motion for summary judgment [ECF No. 41] is GRANTED IN PART AND DENIED IN PART.

2.    The motion is GRANTED as to plaintiff's claims under 42 U.S.C. § 1981 (Count Three), and those claims are DISMISSED WITH PREJUDICE.

3.    The motion is DENIED in all other respects.

---

[2]The other post-*Patterson* case that Powers-Potter cites concerns a failure-to-promote claim—a type of claim that *Patterson* recognized as cognizable under the pre-1991 version of § 1981 (and that is not at issue in this case).  *See Patrick v. Miller*, 953 F.2d 1240, 1251 (10th Cir. 1992).

[3]Notably, Powers-Potter acknowledged at oral argument that the dismissal of her § 1981 claims will not have any practical impact on the scope of this case, as she brings the same claims, and is seeking the same damages, under Title VII.

Dated:  March 26, 2015                          s/Patrick J. Schiltz
                                               Patrick J. Schiltz
                                               United States District Judge